**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 6, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

ARTHUR ANTHONY GONZALES,

Petitioner-Appellant,

v.

LOWELL CLARK, Warden, Central
Utah Correctional Facility,

Respondent-Appellee.

No. 09-4153
(D.C. No. 2:06-CV-00934-DAK)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Arthur Anthony Gonzales, a Utah State prisoner appearing pro se, seeks a

certificate of appealability (COA) to challenge the district court's order denying

his 28 U.S.C. § 2254 habeas petition. We deny the request for a COA and dismiss

this appeal.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

Mr. Gonzales was accused of sexually assaulting his fiancee's sixteen-year-old daughter. He claimed that the accusations were prompted by the victim's opposition to the marriage and her psychiatric problems. Before trial, defense counsel subpoenaed the victim's psychiatric records, falsely stating that she had placed her mental and physical condition at issue in a lawsuit. The trial court later quashed the subpoenas, precluded the defense from using any information from the records, and suggested that defense counsel's awareness of that information had created "a possibly insurmountable conflict of interest." *State v. Gonzales*, 125 P.3d 878, 882 (Utah 2005). Defense counsel withdrew, and he was replaced by attorney Janet Miller.

At trial, Ms. Miller inadvertently opened the door to the prosecution introducing evidence that the victim had made other sexual-assault accusations against Mr. Gonzales. Additionally, Ms. Miller withdrew an objection she had made to the prosecution's questioning of Mr. Gonzales regarding his delinquent child-support payments after he testified that his children were his life and that he treated the victim like one of his own children. Finally, the trial court refused to admit evidence that the victim and her friend, who described the victim as scared and upset after reporting the assault, had misdemeanor shoplifting convictions.

The jury found Mr. Gonzales guilty on one count of attempted rape and one count of forcible sexual abuse. He appealed to the Utah Supreme Court, arguing

that (1) he received ineffective assistance of counsel; (2) he was denied counsel of his choice; (3) the trial court erred in quashing the subpoena for the victim's psychiatric records; (4) the trial court erred in refusing to allow inquiry into the shoplifting convictions; and (5) cumulative error plagued the trial.

The Utah Supreme Court affirmed. It analyzed Ms. Miller's effectiveness under *Strickland v. Washington*, 466 U.S. 668 (1984) (stating that ineffective assistance requires deficient and prejudicial performance). Specifically, in regard to her opening the door to the victim's other accusations, the court concluded that there was no prejudice because Ms. Miller had "capitalized on the opportunity to attack [the victim's] credibility . . . by pointing out that her own mother believed she lied." *Gonzales*, 125 P.3d at 893. As for Ms. Miller's withdrawing an objection to the issue of Mr. Gonzales's child support arrears, the court concluded that it may have been a tactical decision to avoid drawing further attention to the revelation, and in any event, was not prejudicial.

Regarding Mr. Gonzales's claim that he was denied counsel of his choosing, the Utah Supreme Court declined to review it because the claim was not made in the trial court. And Mr. Gonzales's argument concerning the quashed subpoena was rejected because he failed to follow the procedure for obtaining the records. *See Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) (holding that a criminal defendant has no right to directly review the victim's confidential records, but rather, must have the records submitted to the trial court for in

camera review). The exclusion of the shoplifting convictions was upheld as a proper restriction on cross-examination because Mr. Gonzales failed to show how the convictions demonstrated bias against him, as required by *Davis v. Alaska*, 415 U.S. 308, 319-20 (1974) (indicating that the right of confrontation as to juvenile adjudications applies only if relevant to witness bias). Finally, the court found the cumulative-error doctrine inapplicable.

Mr. Gonzales then filed a habeas petition in federal district court, repeating the same arguments he made to the Utah Supreme Court. The district court denied the petition, concluding that where Mr. Gonzales's arguments implicated clearly established federal law, the Utah Supreme Court acted reasonably. The district court also found a procedural bar to Mr. Gonzales's claim that he was denied counsel of his choice, because he failed to preserve the issue for direct appeal.

Mr. Gonzales timely filed a notice of appeal, and applied for a COA from this court.

### DISCUSSION

"A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Mr. Gonzales must establish that "jurists of reason could disagree with the district

court's resolution of his constitutional claims or that jurists could conclude [that] the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). If a plain procedural bar is present and the district court correctly invokes it to dispose of a claim, COA should be denied on that claim. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Finally, in assessing a pro se COA application, we review the claims liberally. *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs the underlying merits of Mr. Gonzales's claims. Under AEDPA, habeas relief is available if the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Habeas relief is also available if the petitioner demonstrates with clear and convincing evidence that the state court unreasonably determined the facts. 28 U.S.C. § 2254(d)(2); *House v. Hatch*, 527 F.3d 1010, 1019 (10th Cir. 2008).

Mr. Gonzales has not offered a reasoned argument as to how the district court's resolution of his claims was wrong or even debatable under AEDPA. Nor has he addressed the plain procedural bar found by the district court. Instead, Mr. Gonzales attempts to raise a *Batson*[1] issue for the first time. Specifically, he

---

[1] *Batson v. Kentucky*, 476 U.S. 79, 86 (1986) (stating that "[t]he Equal Protection Clause guarantees the defendant that the State will not exclude

(continued...)

argues that his equal-protection rights were violated because he, an African-American, was in an inter-racial relationship with the victim's white mother, and he was tried by an all-white jury. But we need not issue a COA for a claim not included in a habeas petition. *See Dockins v. Hines*, 374 F.3d 935, 940 (10th Cir. 2004). And because Mr. Gonzales failed to include his *Batson* claim in his direct appeal to the Utah Supreme Court, the claim is subject to a procedural bar. *See Hawkins v. Mullin*, 291 F.3d 658, 668 (10th Cir. 2002).

After reviewing the request for a COA, the record, the district court's order, and the applicable law, we conclude that Mr. Gonzales has failed to meet the standard for issuance of a COA. Accordingly, for substantially the same reasons stated in the district court's order denying habeas relief, filed July 7, 2009, we DENY the request for a COA and DISMISS this appeal. Mr. Gonzales's "Motion to Continue" is DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1](...continued)
members of his race from the jury venire on account of race, or on the false assumption that members of his race as a group are not qualified to serve as jurors" (citation and footnote omitted)).