**Arthur Anthony GONZALES, Petitioner–Appellant,**

v.

**State of UTAH, Respondent–Appellee.**

No. 14–4131.

United States Court of Appeals, Tenth Circuit.

Feb, 4, 2015.

Arthur Anthony Gonzales, Richfield, UT, pro se.

Erin Riley, Office of the Attorney General, Salt Lake City, UT, for Respondent–Appellee.

Before LUCERO, TYMKOVICH, and BACHARACH, Circuit Judges.

**ORDER DENYING CERTIFICATE OF APPEALABILITY \***

Arthur Anthony Gonzales seeks a certificate of appealability (COA) to appeal from the district court's dismissal of his second 28 U.S.C. § 2254 habeas application for lack of jurisdiction. We deny a COA and dismiss this matter.

After being convicted of attempted rape and forcible sexual abuse, Mr. Gonzales unsuccessfully sought relief under § 2254.

*See Gonzales v. Clark,* 371 Fed.Appx. 942, 943–45 (10th Cir.2010). In September 2013, he filed a new § 2254 application. The district court granted the State's motion to dismiss for lack of jurisdiction, holding that the new application was a second or successive § 2254 application that had not been authorized by this court. The district court also declined to transfer the application to this court for authorization because the habeas claims would be time-barred and/or procedurally defaulted, and because the claims would not meet the standards for authorization set forth in 28 U.S.C. § 2244(b)(2).

To appeal from the district court's dismissal, Mr. Gonzales must obtain a COA. *See* 28 U.S.C. § 2253(c). To do that, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In this case, we need examine only the procedural ruling.

Jurists of reason would not find the dismissal debatable. Congress has placed strict limitations on § 2254 applications. Generally, once a state prisoner has pursued relief under § 2254, the court of appeals must authorize any later § 2254 application before the prisoner can file that application in the district court. *See* 28 U.S.C. § 2244(b)(3). If he files without that authorization, the district court lacks jurisdiction to consider the merits of the application. *See In re Cline,* 531 F.3d 1249, 1251 (10th Cir.2008) (per curiam). When faced with an unauthorized second or successive § 2254 application, the district court has two choices: dismiss for

---

\* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

lack of jurisdiction, or transfer the application to this court for authorization if a transfer would be in the interest of justice under 28 U.S.C. § 1631. *See Cline,* 531 F.3d at 1252. Because Mr. Gonzales already sought relief under § 2254, and the unauthorized new § 2254 application again attacked the validity of his convictions, the district court did not err in holding that it lacked jurisdiction to consider the merits of the new application. *See id.* at 1251.

Mr. Gonzales suggests that the district court should have transferred the application to this court rather than dismissing it. Whether to dismiss or to transfer an unauthorized second or successive § 2254 application is a matter within the district court's discretion. *See id.* at 1251, 1252. But as the district court recognized, the new application failed to present any claims that would be eligible for authorization under 28 U.S.C. § 2244(b)(2). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to this court for authorization." *Cline,* 531 F.3d at 1252.

We deny Mr. Gonzales' "Notice Motion for Redetermination of Facts, on Appointment of Counsel," construed as a motion to reconsider the court's denial of appointment of counsel in this proceeding. We grant Mr. Gonzales's motion to proceed without prepayment of fees and costs, but we deny a COA and dismiss this matter.