FILED
United States Court of Appeals
Tenth Circuit

**March 5, 2010**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TOMAS M. GARCIA,

      Petitioner - Appellant,

v.

STEVE HARTLEY, Warden, Limon
Correctional Facility; THE
ATTORNEY GENERAL OF THE
STATE OF COLORADO,

      Respondents - Appellees.

No. 09-1255
(D.C. No. 07-CV-00781-CMA)
(D. Colo.)

---

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.

---

      Defendant-Appellant Tomas M. Garcia, a Colorado state inmate represented

by counsel, seeks a certificate of appealability (COA) to appeal the district

court's denial of his habeas corpus petition with prejudice. 28 U.S.C. § 2254.

Because Mr. Garcia has not made "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), we deny a COA and dismiss the

appeal. See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

      In 2002, a jury convicted Mr. Garcia of, inter alia, kidnapping, sexual

assault, and false imprisonment. See People v. Garcia, No. 02CA1027, slip op. at

1 (Colo. Ct. App. Dec. 22, 2005) (unpublished decision) (Aplt. App. at 29).  The

court sentenced him to 84 years to life in prison.  Id.  On direct appeal, the

Colorado Court of Appeals affirmed the judgment and sentence, and the Colorado

Supreme Court denied certiorari.  In 2007, Mr. Garcia filed a federal habeas

petition, arguing that the warrantless search of his property violated the Fourth

Amendment and that he received ineffective assistance from his trial counsel.

Aplt. App. at 12-22.  The district court denied the petition in a thorough decision

and denied a COA.  Garcia v. Hartley, No. 07-cv-00781-CMA, 2009 WL

1392082, at *17 (D. Colo. May 15, 2009); R. Doc. 38.  Mr. Garcia appealed.

Aplt. App. at 185.  Although not required to do so, the State filed a response

brief.  See 10th Cir. 22.1(D).  Pursuant to Fed. R. App. P. 22(b)(2) and 10th Cir.

R. 22.1(A), we deem Mr. Garcia's notice of appeal a renewed application for a

COA, and address the threshold issue of a COA based upon the briefs submitted.

In order for this court to grant a COA, Mr. Garcia must make "a substantial

showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2).  On

appeal, Mr. Garcia argues that the district court erred in denying the petition and

dismissing the action with prejudice without first conducting an evidentiary

hearing.  He focuses on the claim that trial counsel was deficient for failing to

interview and call certain witnesses that, if believed, would have resulted in an

acquittal on at least one of the counts of conviction.  To obtain a COA, Mr.

Garcia must demonstrate that reasonable jurists could debate both the propriety of

an evidentiary hearing and the merits of his underlying constitutional claim. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack, 529 U.S. at 484.

Mr. Garcia would be entitled to an evidentiary hearing to prove the factual allegations in his petition if those factual allegations (if true) would entitle him to relief. Schiro v. Landrigan, 550 U.S. 465, 474 (2000). An evidentiary hearing is not required if the factual allegations are contravened by the existing record or that record precludes relief. Id. As to issues resolved by the state court, any decision whether to grant an evidentiary hearing must consider the deferential standards attendant to our review. Id. at 747-75; 28 U.S.C. § 2254(d).

Our review of the district court's decision whether to grant an evidentiary hearing in a habeas matter would be for an abuse of discretion. Torres v. Mullin, 317 F.3d 1145, 1161 (2003). Given our standard of review, the district court's procedural decision not to hold an evidentiary hearing is not reasonably debatable. We have carefully considered the facts marshaled by counsel to suggest that an evidentiary hearing was required, Aplt. Br. at 16-19, but must consider those facts against a backdrop of the entire record. None of these facts undermine the state court's conclusion (and that of the federal district court) that trial counsel's alleged failure to uncover and present some evidence was either strategic (given serious credibility issues) or reasonable because it would have been inadmissible or cumulative. See Wood v. Allen, No. 08-9156, 2010 WL 173369, at *6 (U.S. Jan. 20, 2010). Morever, the district court properly

considered the strength of the evidence against Mr. Garcia (including testimony from two victims) in concluding that he had not established prejudice.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 698-99 (1984).

Accordingly, we DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge