**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 16, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLARD EUGENE O'NEAL, JR.,

Petitioner-Appellant,

v.

GREG PROVINCE, Warden,

Respondent-Appellee.

No. 10-5093
(D.C. No. 4:06-CV-00610-CVE-PJC)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **HOLMES** and **McKAY**, Circuit Judges, **PORFILIO**, Senior
Circuit Judge.

---

Willard Eugene O'Neal, Jr., was convicted in Oklahoma state court of

first-degree murder and shooting with intent to kill. Proceeding pro se, he seeks a

certificate of appealability (COA) to challenge the district court's order denying

his 28 U.S.C. § 2254 petition for habeas relief.[1] We deny the request for a COA

for substantially the same reasons identified by the district court, and we dismiss

this appeal.

---

[1]     Because O'Neal is proceeding pro se, we construe his filings liberally. *See*
*Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

## BACKGROUND

Bruce Chamberlain owned a nightclub in Tulsa, Oklahoma. In December 2001, he and one of his employees, Gildardo Rueda, were robbed and shot one night by two masked men in the parking lot. Chamberlain died. Although Rueda survived, he could not identify the men.

Seven months later, a family recreating at nearby Lake Oolagah found a pistol wrapped in a black ski mask in the water. Police compared the cartridge casings found at the Chamberlain murder scene to those test fired from the pistol, and determined they matched. They eventually traced the pistol to Charity Owens.

Owens told police that on the night of the shootings, her former boyfriend, O'Neal, arrived late at her apartment with an unidentified man. O'Neal told her that "something had gone bad and they needed to get rid of some stuff" in a rural location. R., Vol. 1 at 195 (quotation marks omitted). Owens got in a car with them and led them to Lake Oolagah. Along the way, O'Neal talked with the other man about shooting Chamberlain and Rueda. At the lake, O'Neal threw two items into the water, one of which was wrapped in something dark. While returning to Tulsa, O'Neal threatened to kill Owens if she told anyone about the crimes.

Police arrested O'Neal and charged him with first-degree murder and shooting with intent to kill, both after multiple prior felony convictions. At the preliminary hearing, Owens testified about the trip to Lake Oolagah and what was

said along the way. But by the time of O'Neal's trial, Owens had disappeared, prompting the State to use her preliminary-hearing testimony. The State also offered evidence that O'Neal had been involved in a robbery of the nightclub one month before the shootings, had expressed disappointment with the proceeds, and had asked a bouncer to help him create an alibi for the night of the shootings.

The jury returned guilty verdicts, and the trial judge gave O'Neal two consecutive life sentences, one of which lacked the possibility of parole. In 2005, the Oklahoma Court of Criminal Appeals (OCCA) affirmed the convictions and sentences, and later affirmed the state district court's denial of post-conviction relief.

O'Neal then filed a petition for federal habeas relief, arguing that the trial court had improperly admitted Owens's preliminary-hearing testimony and evidence of the nightclub's prior robbery. O'Neal also claimed ineffective assistance of trial and appellate counsel. The district court denied the petition. O'Neal unsuccessfully sought reconsideration and a COA before turning to this court.

### DISCUSSION

I. Standard of Review

A COA is a jurisdictional prerequisite to appealing the denial of a habeas petition. *See* 28 U.S.C. § 2253(c); *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009). "We will issue a COA only if the applicant has made a

substantial showing of the denial of a constitutional right." *Allen*, 568 F.3d at 1199 (quotation omitted). "To make such a showing, an applicant must demonstrate that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotation omitted).

When a state court has adjudicated a claim on the merits, the deferential standard of review mandated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) must be incorporated into our consideration of the request for a COA. *Charlton v. Franklin*, 503 F.3d 1112, 1115 (10th Cir. 2007). Habeas relief is available under AEDPA only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2).

## II. Confrontation Clause[2]

O'Neal first challenges the admission of Owens's preliminary-hearing testimony. The OCCA determined that the testimony was properly admitted because (1) the State reasonably and diligently tried to locate her by issuing a

---

[2] The Sixth Amendment's Confrontation Clause provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U.S. Const. amend. VI.

material-witness warrant, contacting her friends and family members, and placing an alert throughout local media; and (2) O'Neal's counsel cross-examined her at the hearing.

O'Neal contends that Owens's testimony should have been excluded because she deliberately avoided testifying at trial, because a preliminary hearing provides less of an opportunity for cross-examination than a trial, and because her testimony related a statement of the unidentified, non-testifying accomplice. The federal district court rejected those arguments, and concluded that the OCCA reasonably applied *Crawford v. Washington*'s holding that the admission of testimonial hearsay evidence from a proceeding such as a preliminary hearing requires witness unavailability and a prior opportunity for cross-examination. 541 U.S. 36, 68 (2004). The district court aptly noted that this test focuses on the State's efforts in securing the witness's presence at trial, not on the witness's efforts in evading trial. Further, under *Crawford*, a preliminary hearing affords sufficient opportunity for cross-examination, *see id.*, and statements made in furtherance of a conspiracy do not implicate the Confrontation Clause because they are not testimonial, *see id.* at 56.

We conclude that the district court's resolution of O'Neal's Confrontation-Clause challenge is not debatable.

### III. Evidence of the Prior Robbery

O'Neal argues that the admission of evidence showing his involvement in the prior robbery of the nightclub violated his due-process rights because there was insufficient evidence of the robbery. The OCCA determined that the trial court properly admitted the evidence after holding a hearing and ruling that the evidence tended to show "O'Neal's motive, intent and plan to commit another robbery at the same site." R., Vol. 1 at 199.

The district court rejected O'Neal's due-process argument, noting that federal habeas review of a state's application of its evidentiary rules extends only to assessing the fundamental fairness of the defendant's trial. *See Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002). In concluding that the admission of the prior robbery evidence did not deny O'Neal a fair trial, the district court observed that three witnesses testified about the prior robbery, it was highly probative of O'Neal's intent, motive, and plan to again rob the nightclub, and the jury was instructed to not consider the evidence as proof of guilt or innocence.

We conclude that the district court's resolution of this issue is not debatable. Evidence of the prior robbery did not deny O'Neal a fair trial.

### IV. Ineffective Assistance of Counsel

To establish ineffective assistance, a petitioner must show that counsel performed deficiently, and that the deficient performance so prejudiced the defense "that there is a reasonable probability that, but for counsel's

-6-

unprofessional errors, the result of the proceeding would have been different."
*Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984).

O'Neal contends that his trial counsel provided ineffective assistance by (1) filing a petition to compel his presence at trial without the presence of Owens; (2) not retaining an expert to challenge the State's ballistic evidence; (3) not objecting at the preliminary hearing to Owens's testimony recounting the accomplice's statement; (4) not requesting a jury instruction that his conviction would require him to serve 85% of any sentence before becoming eligible for parole; and (5) not calling alibi witness Lois Snyder. O'Neal also contends that his appellate counsel was ineffective in failing to raise these points on direct appeal. In state post-conviction proceedings, the OCCA cited *Strickland*, and held that neither trial nor appellate counsel performed deficiently or prejudiced the defense.

The federal district court addressed and rejected each area of purported ineffective assistance. Regarding trial counsel's efforts to gain O'Neal's participation in his own trial, the district court determined that once it was clear that the trial court would no longer postpone the trial due to Owens's absence, defense counsel acted appropriately to ensure that O'Neal did not waive his right to attend trial. We agree with the district court that counsel did not perform deficiently in protecting his client's right to attend trial.

As for defense counsel's failure to retain a ballistic expert, the district court noted that the State's expert acknowledged that comparing the bullets used at the crime scene to bullets test fired from the pistol was inconclusive. Thus, calling an expert to establish that point was unnecessary.[3]

Turning to O'Neal's argument that counsel should have objected to Owens's testimony about what O'Neal's accomplice said during the drive to Lake Oolagah, the district court correctly noted that the accomplice's statements were admissible non-hearsay. *See* Okla. Stat. Ann. tit. 12, § 2801(B)(2)(e). Consequently, failing to object was not deficient performance.

Regarding counsel's failure to request a jury instruction about Oklahoma's 85% rule, the district court correctly observed that there is no federal requirement for instructing jurors about parole eligibility in a non-capital case, and that when O'Neal was tried, Oklahoma law did not require such an instruction. *See Simmons v. South Carolina*, 512 U.S. 154, 156 (1994) (holding "that where the [capital] defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible"); *Anderson v. State*, 130 P.3d 273, 283 (Okla. Crim. App. 2006) (stating that "[a] trial court's failure to instruct

---

[3] While O'Neal now argues that an expert could have been called to opine that the bullet *casings* did not match, that was not O'Neal's argument in the habeas petition. Consequently, that argument is waived. *See Parker v. Scott*, 394 F.3d 1302, 1307 (10th Cir. 2005).

on the 85% Rule in [prior] cases . . . will not be grounds for reversal"). Thus, failure to object was not deficient performance.

Finally, the district court determined that Snyder's alibi testimony would have merely been cumulative of the alibi witness who did testify for O'Neal. Further, neither that testimony nor Snyder's anticipated testimony would have foreclosed O'Neal's possible involvement in the shootings. Consequently, even if counsel performed deficiently in failing to call Snyder as a corroborating alibi witness, we are not convinced that there is a reasonable probability it affected the trial's outcome.

We conclude that reasonable jurists could not debate the district court's determination that the OCCA did not unreasonably apply *Strickland* in rejecting O'Neal's ineffective-assistance-of-trial-counsel claims. Nor could reasonable jurists debate the district court's ancillary determination that appellate counsel was not ineffective in failing to argue these meritless ineffective-assistance-of-trial-counsel claims.

## CONCLUSION

After reviewing the application for a COA, the record, the district court's orders, and the applicable law, we conclude that O'Neal has failed to meet the standard for issuance of a COA. Accordingly, for substantially the same reasons

stated in the district court's order denying habeas relief, filed June 1, 2010, we

DENY the request for a COA and DISMISS this appeal.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk