FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 26, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT LEE NICK,

    Defendant - Appellant.

No. 11-2207
(D.C. No. 1:11-CV-00217-MCA-KBM)
(D. N.M.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **MURPHY**, **EBEL** and **HARTZ**, Circuit Judges.

Defendant-Appellant Robert Nick seeks a certificate of appealability ("COA"), 28 US.C. § 2253(c), so he can appeal the denial of 28 U.S.C. § 2255 relief from his conviction for possessing marijuana with the intent to distribute it.  We deny COA.

COA is warranted only "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The applicant makes this showing if "reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Nick's conviction stemmed from a safety inspector discovering 550 pounds of

marijuana secreted in a load of celery in a trailer Nick was hauling. In his § 2255 motion, Nick challenges defense counsel's failure to get into evidence keys other company drivers had to Nick's trailer, evidence that the defense did not acquire until after it rested its case. Nick specifically seeks COA on the four grounds he raised in his 28 U.S.C. § 2255 motion: his trial attorney was ineffective 1) in failing to object to the district court's delay in ruling on Nick's motion to reopen the evidence to admit the keys until after the jury began its deliberations; 2) in failing to object to the prosecutor's misrepresentations during closing argument that only Nick had a key to the trailer he was hauling; 3) in failing to investigate, find and present exculpatory evidence that others in the company also had keys to Nick's trailer; and 4) in providing overall deficient representation throughout Nick's trial.

Nick will be entitled to § 2255 relief on these claims only if he can show both that his attorney's performance was constitutionally ineffective and that counsel's ineffective representation prejudiced Nick's defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish prejudice, Nick must show that, but for counsel's errors, there is a reasonable probability the jury would have acquitted him of possessing the marijuana found in the trailer. See id. at 694. But, even if defense counsel had succeeded in getting into evidence the fact that others in the company had keys to Nick's trailer, there is no reasonable probability the jury would have acquitted Nick of possessing the marijuana.

When the safety inspector discovered the marijuana, Nick owned the trucking

2

company to which the trailer belonged, he was driving the rig hauling the trailer, and he had a key to the padlock on the trailer. Further, the circumstances surrounding Nick's driving the trailer were suspicious. He was using a driver's license with his photo, but with another driver's name, and there were discrepancies in Nick's logbook.

The defense did present evidence that other company drivers had keys to the trailer Nick was hauling. Nick's estranged wife, Yvette Santifer, who was also his partner in the trucking business, testified that all of the company's drivers had keys to the trailer in question. Santifer went on to tell jurors that proof that others also had keys to the trailer, in the form of those other keys, would be sent to her via overnight shipping and then presented during trial the next day. That did not occur, however. The defense, instead, rested without seeking to admit the keys and the Government presented it during closing argument, arguing several times that the only key submitted at trial that fit the trailer's padlock was the one Nick had with him. After the Government's closing argument, defense counsel informed the trial court that he had just received the keys in an overnighted package. Defense counsel, therefore, moved to reopen the evidence to admit those keys. The Court would not let counsel present the keys to the jury, but instead told defense counsel that he could raise this newly-acquired evidence in a post-trial motion if need be. Defense counsel then made his closing argument. Thereafter, the jury convicted Nick of possessing the marijuana found in the trailer, with the intent to distribute it, but acquitted him of conspiring with others to do so.

All of Nick's current ineffective-assistance claims ultimately center on defense

counsel's inability to get the keys into evidence for the jury's consideration. But Nick cannot establish that, had jurors been able to consider those keys, jurors would not have convicted Nick of possessing the marijuana found in the trailer. The defense presented other evidence to the jury indicating that others in the company besides Nick had keys to the trailer Nick was hauling. See O'Neal v. Province, 415 Fed. App'x 921, 925 (10th Cir.) (concluding defense counsel's failure to present cumulative alibi evidence did not prejudice the defendant) (unpublished), cert. denied, 132 S. Ct. 210 (2011). But Nick fails to assert additional evidence indicating those others with keys had the means and opportunity to hide the marijuana in Nick's trailer. And, in any event, there was sufficient evidence presented to the jury of Nick's suspicious behavior from which jurors could have found that, even though others also had keys to Nick's trailer, he was knowingly transporting the hidden marijuana. See Garcia v. Hartley, 368 Fed. App'x 915, 916-17 (10th Cir. 2010) (unpublished) (considering strength of evidence presented against the defendant in deciding whether he had failed to establish prejudice resulting from counsel's errors). For these reasons, then, Nick has failed to establish that reasonable jurists could disagree about whether defense counsel's purported errors prejudiced Nick's defense. See Strickland, 466 U.S. at 697 (noting a court can reject an ineffective-assistance claim on either prong of Strickland's two-part inquiry). He is, thus, not entitled to a COA on any of his § 2255 claims. See Slack, 529 U.S. at 484 (internal quotation marks omitted).

We, therefore, deny COA and dismiss this appeal. We GRANT Nick's motion to

4

proceed on appeal in forma pauperis.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge