FILED
United States Court of Appeals
Tenth Circuit

November 30, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DARRELL WAYNE STUART,

        Petitioner-Appellant,

v.

STATE OF UTAH,

        Respondent-Appellee.

No. 11-4130
(D.C. No. 2:10-CV-00184-CW)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Darrell Wayne Stuart, a Utah state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.

---

[*]     This Order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

    After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Stuart is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(c), we deny Mr. Stuart's application for a COA and dismiss his appeal.

## BACKGROUND

Mr. Stuart pleaded guilty in 2007 to two counts of sexual abuse of a child (a second-degree felony in Utah) and was sentenced to two one-to-fifteen-year terms of imprisonment. Mr. Stuart did not appeal, and his conviction became final on September 7, 2007.

On September 3, 2008, Mr. Stuart filed a petition for post-conviction relief in state court. It was dismissed, and Mr. Stuart timely pursued an appeal, culminating in a denial of certiorari by the Utah Supreme Court on December 29, 2009. On March 10, 2010, Mr. Stuart filed a federal habeas application pursuant to 28 U.S.C. § 2254.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a person in state custody has one year to file a federal habeas application. 28 U.S.C. § 2244(d)(1). The limitations period begins running from the latest of four dates. *See id.* The relevant date here is September 7, 2007, the day on which Mr. Stuart's conviction became final by "the expiration of the time for seeking [direct] review." *Id.* § 2244(d)(1)(A). Under the "anniversary method" applicable in this Circuit, the one-year limitations period began running the next day, September 8, 2007, and, absent tolling, would have ended on Monday, September 8, 2008. *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir.

2

2003); *see also Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011). The statute does toll the limitations period, however, while a prisoner's application for post-conviction relief is pending before the state courts. *See* 28 U.S.C. § 2244(d)(2). The number of days that such application is pending is added to the one-year anniversary date to establish the final deadline for filing a § 2254 application in federal court. *See Harris*, 642 F.3d at 906 n.6.

Mr. Stuart's application for post-conviction relief was pending before the Utah state courts between September 3, 2008, and December 29, 2009, for a total of 482 days. Extending the one-year deadline of September 8, 2008, by 482 days yields a final deadline of January 3, 2010. Because that day fell on a Sunday, Mr. Stuart had until Monday, January 4, 2010, to file his § 2254 application. *See Harris*, 642 F.3d at 906 n.6. He did not file until over two months later, on March 10, 2010. Before the district court, Mr. Stuart made no argument concerning equitable tolling. The district court therefore denied his § 2254 application as time-barred. Mr. Stuart now seeks a COA from this court.

## DISCUSSION

A COA is a jurisdictional prerequisite to our review of the merits of a habeas appeal. 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

3

satisfy this standard, the applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted). Where, as here, the district court denies an application on a procedural ground, the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Harris*, 642 F.3d at 906 (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted). We conclude that reasonable jurists could not debate the district court's denial of Mr. Stuart's § 2254 application as time-barred.

For purposes of § 2244(d), Mr. Stuart had until January 4, 2010, to file a § 2254 application. He tarried until March 10, 2010—well past the deadline. In "rare and exceptional circumstances," we have recognized the availability of equitable tolling of the limitations period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (internal quotation marks omitted). Equitable tolling is appropriate "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a

4

prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.* (citations omitted).

Mr. Stuart made no equitable-tolling argument before the district court. In his combined opening brief and application for a COA before this court, Mr. Stuart asserts that he was not aware of the statutory deadline. Specifically, he states that he is facing a rehearing before a parole board in April 2014, that he did not believe his conviction and sentence were final prior to that time, and that his misunderstanding was due to a lack of access to relevant legal materials. However, "[s]imple excusable neglect is not sufficient" to support equitable tolling, nor is "a claim of insufficient access to relevant law, such as AEDPA." *Id.*

Therefore, under the statute, and absent any reason why equitable tolling should apply, Mr. Stuart's § 2254 application is untimely. The district court was correct to deny the application, and reasonable jurists could not debate that resolution.

## CONCLUSION

For substantially the same reasons articulated by the district court, we deny

Mr. Stuart's request for a COA and **DISMISS** this appeal.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge

6