FILED
United States Court of Appeals
Tenth Circuit

September 17, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

RODNEY T. FISHER,

        Petitioner-Appellant,

v.

ANITA TRAMMELL, Warden,

        Respondent-Appellee.

No. 12-7014
(D.C. No. 6:11-CV-00155-RAW-
KEW)
(E.D. Okla.)

---

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

Rodney Fisher is a prisoner in the custody of the State of Oklahoma.

Proceeding pro se,[1] he seeks a Certificate of Appealability (COA) to appeal the

district court's dismissal of his petition for a writ of habeas corpus under 28

---

[*]   This Order is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

      After examining the briefs and the appellate record, this three-judge panel
has determined unanimously that the facts and legal arguments are presented
adequately therein, and that oral argument would not significantly aid the
decisional process. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument.

[1]     Because Mr. Fisher is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

U.S.C. § 2254.  Finding no basis for relief, we deny a COA.

**I**

Rodney Fisher was convicted in Oklahoma state court of escape from a penal institution, after having been convicted of two or more felonies.  He was sentenced to life in prison for the charge on September 21, 2005.  He appealed his conviction and sentence to the Oklahoma Court of Criminal Appeals (OCCA).  On August 28, 2008, it denied his averments of error and affirmed.

Mr. Fisher sought post-conviction relief in Oklahoma court, contending, *inter alia*, that he was denied effective assistance of appellate counsel because counsel failed to raise issues that Mr. Fisher believed should have been brought to light on direct appeal.  The state trial court denied relief on all grounds.  On May 11, 2010, the OCCA affirmed.  The OCCA found "[a]ll issues previously ruled upon [on direct appeal] . . . *res judicata*, and all issues not raised in the direct appeal, which could have been raised, . . . waived."  R. at 19 (OCCA Order. Aff. Den. of Post-Conviction Relief, filed May 11, 2010).  Furthermore, the OCCA found that the record did not support Mr. Fisher's ineffective-assistance-of-appellate-counsel claims and "counsel [wa]s not required to advance every cause of argument [noted by Mr. Fisher] regardless of merit."  *Id.*

On April 29, 2011, Mr. Fisher came to federal court, raising multiple constitutional challenges to his conviction.  The State moved to dismiss the petition on the basis that it was time-barred under the one-year statute of

-2-

limitations of the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1). The State argued that Mr. Fisher's conviction became final on November 26, 2008, ninety days after the OCCA's denial of relief on direct appeal, when his time for seeking certiorari from the Supreme Court expired. Hence, reasoned the State, the AEDPA statutory limitations period expired one year later on November 26, 2009. And, because Mr. Fisher's state post-conviction petition was not filed until a couple of months after the latter date, it could not toll the federal limitations period under 28 U.S.C. § 2244(d)(2) (providing that the AEDPA limitations period is tolled during the time a "properly filed application for State post-conviction or other collateral review . . . is pending").

Mr. Fisher disagreed. He argued that the procedural facts were more complicated than the State let on. Mr. Fisher claimed that, after his sentence was handed down, his attorney failed to file a direct appeal, so he filed a pro se handwritten motion to file a notice of appeal out of time in state district court. Allegedly with the improper help of the State, the district court denied the motion. However, Mr. Fisher acknowledges that he subsequently sought the same relief from the OCCA, which was granted. However, he maintains that, after the OCCA denied him relief, his appellate counsel ignored his requests to move forward to file a petition for certiorari with the U.S. Supreme Court.

As for the difficulties he allegedly encountered post-conviction, Mr. Fisher

asserted that, even though his state post-conviction application was not filed until seven weeks after the limitations period would have expired, in reality, he actually "filed said post-conviction application within [the] statutor[il]y required time yet the District Court of Pittsburgh Co[unty, Oklahoma] refused to file due to unsubstantiated claims that [he] was not . . . eligible [to proceed in forma pauperis]." *Id.* at 71 (Pet'r's Resp. to Atty. Gen. Arg., filed June 28, 2011). Consequently, Mr. Fisher contends that he was forced to file the petition after the limitations period otherwise would have expired.

The district court found none of Mr. Fisher's excuses for his untimely petition persuasive. Notably, the court found "unsupported" his claim that "the state district court forced him to refile his post-conviction application [ninety] days after his original . . . filing." R. at 82 (Dist. Ct. Op. & Order, filed Feb. 9, 2012). It further denied equitable tolling because "the record show[ed] petitioner was allowed a direct appeal out of time, and [he] . . . failed to show the State created an impediment to his proper filing of a post-conviction action." *Id.* It dismissed the petition as untimely and denied a COA. Mr. Fisher now appeals.

## II

Absent the grant of a COA, we lack jurisdiction under AEDPA to review the merits of Mr. Fisher's proposed appeal. *See* 28 U.S.C. § 2253(c)(1)(A); *accord Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (citing *Miller–El*

-4-

*v. Cockrell*, 537 U.S. 322, 336 (2003)).  More directly, "a COA is needed to appeal . . . 'the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court.'"  *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000) (quoting 28 U.S.C. § 2253(c)(1)).

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, the applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).  Where the district court denies an application on a procedural ground, ordinarily the applicant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (emphasis added) (quoting *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

On appeal, Mr. Fisher repeats his arguments below.  We decline to endorse them.  After a thorough review of the record, we conclude that Mr. Fisher has not met his burden in showing entitlement to a COA.  In particular, we conclude that

the district court correctly concluded that Mr. Fisher had not made an adequate showing for equitable tolling—*viz.*, Mr. Fisher failed to establish that he pursued his claims diligently and that his failure to timely file his habeas petition was caused by extraordinary circumstances beyond his control. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *cf. Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) ("We agree with those circuits holding that sufficiently egregious misconduct on the part of a habeas petitioner's counsel may justify equitable tolling of the AEDPA limitations period."). In sum, we conclude that jurists of reason could not debate the correctness of the district court's procedural ruling. We consequently need not address whether jurists of reason could debate whether the petition states a valid constitutional claim.

## III

For the foregoing reasons, we **DENY** Mr. Fisher a COA and **DISMISS** the matter.

Entered for the Court

Elisabeth A. Shumaker, Clerk

-6-