FILED
United States Court of Appeals
Tenth Circuit

February 27, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CRAIG GAWLAS,

        Petitioner - Appellant,

v.

WILLIAM MONDAY,

        Respondent - Appellee.

No. 13-6209
(D.C. No. 5:13-CV-00253-R)
(W.D. Okla.)

---

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

---

Proceeding *pro se*, state prisoner Craig Gawlas seeks a certificate of appealability ("COA") in order to appeal the dismissal of his 28 U.S.C. § 2241 petition for failure to exhaust state remedies. Finding that Mr. Gawlas has not met the standards for issuance of a COA, we deny him a COA and dismiss this matter.

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

While in his prison cell, Mr. Gawlas combined cinnamon and apples in a gallon jug, thereby creating some form of "homebrew." Prison officials discovered this concoction during a cell search. He was found guilty of a Class X misconduct for manufacturing an intoxicant, or a "homebrew," and the administrative review authority affirmed the disciplinary conviction on November 6, 2012. Mr. Gawlas did not seek judicial review in the state district court.

Mr. Gawlas requested the instant habeas relief based on his view that there was insufficient evidence to support the disciplinary conviction. The Respondent moved to dismiss the petition because Mr. Gawlas failed to exhaust his state court remedies and his habeas petition was therefore procedurally barred.

The district court, after referring the matter to a magistrate judge, dismissed the petition with prejudice, finding that Mr. Gawlas had failed to exhaust his administrative remedies. The court noted that the exhaustion requirement "may be excused if there is 'an absence of available State corrective process' or where 'circumstances exist that render such process ineffective to protect the rights of the applicant.'" Order at 2 (quoting Magar v. Parker, 490 F.3d 816 (10th Cir. 2007) (citations omitted)). The district court proceeded to find that adequate state corrective process did exist; that pursuit of that process would not have been futile; and that Mr. Gawlas's argument that it was implausible that the Oklahoma

-2-

Department of Corrections ("ODOC") would overturn his finding of guilt for fear of a subsequent § 1983 action was "groundless." Id. Finally, the court found there was no "cause" excusing Mr. Gawlas's failure to pursue his state administrative remedy, nor could he establish that a fundamental miscarriage of justice would flow from his conviction. Thus, his failure to exhaust his state court remedies acted as a bar to federal habeas review. The court dismissed his habeas petition with prejudice. Mr. Gawlas's request for a COA followed.

## DISCUSSION

Under Montez v. McKinna, 208 F.3d 862 (10th Cir. 2000), a state prisoner must obtain a COA before being heard on the merits of his appeal. "A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus." Allen v. Zavaras, 568 F.3d. 1197, 1199 (10th Cir. 2009); see 28 U.S.C. § 2253(c)(1)(A). A COA should issue "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2). He can do this by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Dodd v. Trummell, 730 F.3d 1177, 1205 (10th Cir. 2013) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

An applicant denied habeas relief on procedural grounds "must also show 'that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." Coppage v. McKune, 534 F.3d 1279, 1281 (10th Cir. 2008) (quoting Slack, 529 U.S. at 484). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack, 529 U.S. at 484.

As the district court observed, Mr. Gawlas made no serious argument regarding cause or any reason for his failure to pursue his state administrative remedies. Indeed, in his request for a COA to our court, Mr. Gawlas concedes that "[a]ll parties agree that the Appellant failed to 'properly' exhaust all available state remedies to address his claim. And the Appellant acknowledges that a petitioner who fails to timely raise such claims in the state court is procedurally barred from subsequently raising those same claims in federal court." Appellant's Op. Br. at 9. He then acknowledges that the "Tenth Circuit has held this procedural default may be excused if the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrates that failure to consider the claims will result in a fundamental miscarriage of justice." Id.

-4-

It appears, however, that Mr. Gawlas does not appreciate the substance of those standards and statements. Rather than directly addressing cause or prejudice or a fundamental miscarriage of justice, he simply attempts to challenge the validity of the original disciplinary conviction in prison—when he was found in possession of contraband/"homebrew." We assume this is an effort to establish his "actual innocence" so that upholding his conviction would amount to a fundamental miscarriage of justice. His unsupported and conclusory assertion that he had not produced any unlawful "homebrew" hardly satisfies the "fundamental miscarriage of justice" exception to procedural bar. Mr. Gawlas thus completely fails to establish any debate about the propriety of the district court's procedural ruling dismissing his case.

We note Mr. Gawlas's *pro se* status. It does not, however, excuse him from the fundamental obligation to craft legal arguments and follow the basic rules of procedure in presenting a coherent and relevant appellate argument. See Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Although we liberally construe *pro se* filings, we do not assume the role of advocate.").

## CONCLUSION

For the foregoing reasons, we DENY Mr. Gawlas a COA and DISMISS this matter.  We also DENY Mr. Gawlas his request to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge