**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 15, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD ALLEN,

        Petitioner - Appellant,

    v.

ARI ZAVARAS, Executive Director,
DOC, and JOHN SUTHERS, Attorney
General of the State of Colorado,

        Respondents - Appellees.

No. 07-1501

---

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 07-CV-02052-ZLW)**

---

Robert Seldis Berger of Robert S. Berger, P.C., Denver, Colorado for Petitioner - Appellant.

Laurie Booras, First Assistant Attorney General, (John W. Suthers, Attorney General of the State of Colorado with her on the briefs), Denver, Colorado, for Respondents - Appellees.

---

Before **LUCERO, ANDERSON** and **O'BRIEN**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

---

Edward Allen appeals from the district court's *sua sponte* dismissal of his 28 U.S.C. § 2254 petition for failure to exhaust state remedies. We grant a certificate of appealability (COA) on a single, narrow issue—whether the district court erred in *sua sponte* dismissing Allen's habeas petition without requesting a response from the government. We affirm.

## I. BACKGROUND

Allen was convicted in state court of three counts of sexual assault on a child by a person in a position of trust and was sentenced to three concurrent indeterminate terms of ten years to life in prison. His conviction was affirmed by the Colorado Court of Appeals and the Colorado Supreme Court denied his petition for writ of certiorari.

In Colorado, a request for post-conviction relief is usually initiated by a petition for writ of habeas corpus filed with the state district court. *See* Colo. R. Crim P. 35(c)(3). Allen, however, filed his pro se petition with the Colorado Supreme Court. While unusual and seldom productive, doing so is not improper under Colorado law. *See* Colo. Rev. Stat. § 13-405-101(1) ("If any person is committed or detained for any criminal or supposed criminal matter, it is lawful for him to apply to the supreme court or district courts for a writ of habeas corpus . . . ."); *People ex rel. Wyse v. District Court*, 503 P.2d 154, 156 (Colo. 1972) ("In Colorado, [a writ of habeas corpus] may be sought in the Supreme Court or any district court."). Unlike the state district court, however, the Colorado Supreme

Court is under no obligation to consider an original habeas petition.[1]  *See Shore v. District Court*, 258 P.2d 485, 487 (Colo. 1953) (noting the Colorado Constitution confers original jurisdiction upon the Colorado Supreme Court to issue writs of habeas corpus, but stating such jurisdiction "is discretionary").  It will exercise its original jurisdiction only "in cases of great public importance, or in cases where not to do so would amount to a denial of justice."  *People v. Martinez*, 22 P.3d 915, 921 (Colo. 2001) (en banc).  Here, the court elected not to consider the merits of Allen's petition and denied it the day it was filed.

Allen next filed a pro se 28 U.S.C. § 2254 petition for writ of habeas corpus in federal district court, raising five challenges to his conviction.  According to the petition, he raised four of the claims on direct appeal and one in his state habeas petition.  The magistrate judge ordered Allen to show cause why his petition should not be dismissed for failure to exhaust state remedies, explaining:

> It appears that Mr. Allen has failed to exhaust state court remedies
> for all of his claims because the claim he raised in the original
> proceeding in the Colorado Supreme Court was not fairly presented
> to that court.  If a claim has been presented for the first and only
> time in a procedural context in which its merits will not be
> considered unless there are special and important reasons therefor, . .
> . [r]aising the claim in such a fashion does not, for the relevant

---

[1] By contrast, the state district court is required to "promptly review" all petitions for writs of habeas corpus "that substantially comply with Form 4, Petition for Postconviction Relief Pursuant to Crim. P. 35(c)."  Colo. R. Crim. P. 35(c)(3)(IV).  Rule 35 of the Colorado Rules of Criminal Procedure delineates specific and mandatory actions the court must take in reviewing such petitions.

purpose, constitute fair presentation.

(R. Vol. I, Doc. 6 at 3 (quotations omitted)). The magistrate's show cause order informed Allen he could proceed on his exhausted claims, but warned that his unexhausted claim might be foreclosed because of restrictions on subsequent or successive habeas petitions. Allen chose not to amend his petition. Rather, he asserted in his response to the order to show cause that he had exhausted all claims because his habeas petition was properly presented to the Colorado Supreme Court pursuant to Colo. Rev. Stat. § 13-405-101(1). He did not claim (indeed, he would be hard pressed to claim) the Supreme Court considered the merits of his petition.

The district court reviewed Allen's response and dismissed his petition without prejudice for failure to exhaust state remedies. The court held:

> [B]ecause the Colorado Supreme Court declined to address the merits of the claims Mr. Allen raised in his original petition for a writ of habeas corpus, that petition does not constitute fair presentation of the claims asserted . . . . Even assuming that Mr. Allen properly exhausted state court remedies for his four other claims in his direct appeal, the instant action still must be dismissed as a mixed petition because he failed to exhaust state court remedies for the fifth claim.

(R. Vol. I, Doc. 9 at 4.)

The district court also denied Allen's motion for leave to proceed *in forma pauperis* (*ifp*) on appeal and denied a COA. We appointed counsel for Allen and invited counsel to brief and seek a COA on any issue counsel deemed to have potential merit, expressing an interest in the impact of *Jones v. Bock*, 549 U.S.

-4-

199 (2007), in the habeas context.[2]  In his supplemental brief, Allen asserts only one claim—that the district court erred in *sua sponte* dismissing his petition for failure to exhaust without requesting a response from the government.[3]

## II.  DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

The claim Allen raises involves thoughtful consideration of *Jones v. Bock*, and *Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084 (10th Cir. 2008).  Though we ultimately affirm, the issue is one "reasonable jurists could debate" and thus, we grant a COA.  Because the question presented is purely legal, our review is de

---

[2] The government read our order as impliedly granting a COA.  Though this was not unreasonable given the circumstances, we did not, in fact, grant a COA.

[3] We do not consider the issues raised by Allen in his original filing.  By not including those issues in his supplemental brief, Allen has abandoned them. *See United States v. Santistevan*, 39 F.3d 250, 256 (10th Cir. 1994) (recognizing a party's failure to assert an issue in the briefs on appeal "ordinarily constitutes a waiver of the issue, precluding us from reviewing the merits of the claim").

novo.[4]  *See Burger v. Scott*, 317 F.3d 1133, 1137 (10th Cir. 2003).

In *Jones*, several prisoners challenged the *sua sponte* dismissal of their individual § 1983 claims relating to conditions of confinement.  The cases were dismissed pursuant to various court-imposed procedural rules adopted to implement the Prison Litigation Reform Act of 1995, 110 Stat. 1321-73, as amended, 42 U.S.C. § 1997e *et seq.* (PLRA or "the Act").[5]  The heightened

---

[4] We reject Allen's assertion that our review is for abuse of discretion. Allen relies on *Kilgore*, but the district court dismissed Kilgore's petition because he failed to comply with two orders of the court, not because the petition was otherwise barred.  519 F.3d at 1085.  By contrast, the district court here dismissed Allen's petition for failure to exhaust, not for failure to comply with a court order.  "We review for abuse of discretion a district court's dismissal for failure to comply with a court order."  *Cosby v. Meadors*, 351 F.3d 1324, 1326 (10th Cir. 2003).  "[T]he question of whether or not a petitioner has exhausted remedies available in the state court is a question of law . . . ."  *Whiteley v. Meacham*, 416 F.2d 36, 39 (10th Cir. 1969), *rev'd on other grounds sub nom. Whiteley v. Warden, Wyo. State Penitentiary*, 401 U.S. 560 (1971).

[5] Congress enacted the PLRA to address the glut of non-meritorious prisoner lawsuits.  The Act was intended to "reduce the quantity and improve the quality of prisoner suits."  *Porter v. Nussle,* 534 U.S. 516, 524 (2002).  "Key among [the reforms] was the requirement that inmates complaining about prison conditions exhaust prison grievance remedies before initiating a lawsuit."  *Jones*, 549 U.S. at 204.

The exhaustion provision of the PLRA states:

No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  "Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court."  *Jones*, 549 U.S. at 204.

procedures were arguably justified by the PLRA's "new mandatory exhaustion requirement" as well as its use of "judicial screening to filter out nonmeritorious claims" prior to requiring a defendant's answer.  594 U.S. at 213.

The Court began its discussion by acknowledging "exhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in [federal] court."  *Id.* at 211.   Nevertheless, it decided that requiring prisoners to plead exhaustion of state remedies and applying the "total exhaustion" rule (dismissing an entire suit when unexhausted claims were included) was not authorized or justified solely by the language of the PLRA.

The Court held that because "claims covered by the PLRA are typically brought under 42 U.S.C. § 1983, which does not require exhaustion at all . . . the usual practice should be followed, and the usual practice under the Federal Rules is to regard exhaustion as an affirmative defense."  *Id.* at 212.  Thus, exhaustion need not be pled in the complaint, but must be alleged in the answer.  *Id.* at 216. The Court noted: "Although exhaustion was a 'centerpiece' of the PLRA" failure to exhaust was not included in the statute's list of reasons to dismiss a petition. *Id.* at 214.[6]

The *Jones* Court also said a court confronted with a mixed complaint

---

[6] *Sua sponte* dismissal under the PLRA is warranted if an action is frivolous, malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief.  *Jones*, 549 U.S. at 214 (citing 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1)).

should consider the exhausted claims and dismiss the remainder. *Id.* at 221. In so holding, the Court specifically distinguished *Rose v. Lundy*, 455 U.S. 509, 520 (1982), in which the Court held a federal district court must dismiss habeas petitions containing both exhausted and unexhausted claims. *Rose* is not affected by *Jones*.[7]

*Kilgore* was a habeas case involving timeliness, not exhaustion. We considered "whether, in light of *Jones* [ ], a district court can require a state habeas petitioner to establish in his or her § 2254 application that the application is timely." 519 F.3d at 1085. We recognized *Jones* did not directly control in the habeas context, but found its reasoning helpful. We held:

> [T]he court may not dismiss [a § 2254] petition sua sponte *simply because it lacks sufficient information* to determine whether the application has been timely filed. A petition's untimeliness must either be pled by the government as an affirmative defense, or be clear from the face of the petition itself.

*Id.* at 1089 (emphasis added). We reasoned "a heightened pleading requirement

---

[7] In *Rhines v. Weber*, the Court provided limited options to a district court faced with a mixed habeas petition. 544 U.S. 269, 275 (2005). A district court may stay a mixed habeas petition pending exhaustion of unexhausted claims. The Court cautioned, however, "stay and abeyance should be available only . . . when the district court determines there was good cause for the petitioner's failure to exhaust" and where the unexhausted claims are not "plainly meritless." *Id.* at 277. **"**[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief**."** *Id.* at 278. Allen did not amend his petition and does not challenge the district court's decision to dismiss his mixed petition instead of to "stay and abey."

would be inconsistent with other aspects of the habeas scheme, which recognize the practical difficulties petitioners face in bringing their claims." *Id.* at 1088.

Given this history, Allen asks us to extend *Jones* and *Kilgore* by holding a district court cannot *sua sponte* dismiss a habeas petition for failure to exhaust unless the government pleads failure to exhaust as an affirmative defense or unless the petitioner's failure to exhaust is clear from the face of the petition.

There are good reasons to distinguish between exhaustion in the PLRA context and the habeas context. First, as the Court recognized in *Jones*, "[t]he PLRA itself is not a source of a prisoner's claim; claims covered by the PLRA are typically brought under 42 U.S.C. § 1983, which does not require exhaustion at all." 594 U.S. at 212 (citation omitted). By contrast, the habeas statute specifically requires exhaustion. *See* 28 U.S.C. § 2254 (b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ] the applicant has exhausted the remedies available in the courts of the State . . . .").

Moreover, the PLRA does not list failure to exhaust in its enumeration of the authorized grounds for dismissal. *Jones*, 594 U.S. at 214. By contrast, Rule 4 of the Federal Rules of Habeas Corpus expressly requires a habeas petition be dismissed "[i]f it plainly appears from the petition and any attached exhibit that the petitioner is not entitled to relief in the district court." And notably, 28 U.S.C. § 2254(b)(3) establishes a statutory presumption that a state has not and

-9-

will not waive the exhaustion requirement in the habeas context: "A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement."

There are also differences between the exhaustion requirement at issue here and the timeliness requirement at issue in *Kilgore*. As Justice Scalia noted in his dissent in *Day v. McDonough*, "habeas practice included no statute of limitations until 1996." 547 U.S. 198, 212 (2006) (Scalia, J., dissenting).[8] The exhaustion requirement, on the other hand, was "created by the habeas courts themselves, in the exercise of their traditional equitable discretion because [it was] seen as necessary to protect the interests of comity and finality that federal collateral review of state criminal proceedings necessarily implicates." *Id.* at 214 (citation omitted); *see also United States v Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir.

---

[8] In *Day*, the Court considered "whether a district court may dismiss a federal habeas petition as untimely under AEDPA, despite the State's failure to raise the one-year limitation in its answer to the petition or its erroneous concession of the timeliness issue." 547 U.S. at 205. The Court answered this question in the affirmative, though noting:

> [B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitations issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time barred.

*Id.* at 210 (quotations and citations omitted).

2008) (noting "[*s*]*ua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted by Supreme Court precedent") (citing *Granberry v. Greer*, 481 U.S. 129, 133 (1987); *Caspari v. Bohlen*, 510 U.S. 383, 389 (1994)).

Despite these considerations, the extension Allen seeks—limiting a district court's discretion to dismiss a habeas petition for failure to exhaust to those situations where the government pleads failure to exhaust as an affirmative defense or the petitioner's failure to exhaust is clear from the face of the petition—may not be unreasonable, *see Granberry*, 481 U.S. at 131 (exhaustion is not jurisdictional); 28 U.S.C. § 2254(b)(3) (authorizing express waiver by government), but that does not make it appropriate. We need not decide the matter, however, because even if we were to so hold, dismissal of Allen's petition would still have been proper because his failure to exhaust was clear from the face of his petition.

In his petition, Allen averred he filed his state court petition in the Colorado Supreme Court (as opposed to the state district court) and it was denied on the same day it was filed. From these facts alone, the district court correctly determined Allen had not exhausted his state remedies. In *Castille v. Peoples*, the United States Supreme Court concluded the petitioner failed to exhaust state remedies by using a discretionary procedure—filing his habeas petition with the Pennsylvania Supreme Court. 489 U.S. 346, 351 (1989). The Court held "where the claim has been presented for the first and only time in a procedural context in

-11-

which its merits will not be considered unless there are special and important reasons therefor, raising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Id.* (quotations and citation omitted); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (applying *Castille* and holding "petitioner's presentation of his claim to the Wyoming Supreme Court via a petition for writ of certiorari was . . . ineffective to exhaust his state remedies").

This rule is equally applicable here because the Colorado Supreme Court, in its discretion, may or may not consider a petition for writ of habeas corpus. *See Shore*, 258 P.2d at 487. Discretion is exercised to deal with exceptional, not routine, matters; it is the functional equivalent of "special and important reasons." *See People v. Martinez*, 22 P.3d 915, 921 (Colo. 2001) (en banc) ("This court has stated that it will not exercise its original jurisdiction except in cases of great public importance, or in cases where not to do so would amount to a denial of justice."). The Colorado Supreme Court elected not to consider the merits of Allen's petition, denying it without comment the day it was filed. Because Colorado District Courts have no discretion to pass on a properly filed habeas petition, *see supra* note 1, use of that forum is required for exhaustion unless the Colorado Supreme Court actually considers the merits of a habeas petition.

The federal district court did not require Allen to plead exhaustion. It did give him an opportunity to respond to a problem obvious from the face of his

-12-

pleadings.[9]  In doing so, the court abided the Supreme Court's instruction that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."[10]  *Day*, 547 U.S. at 210.  Allowing Allen to respond eliminated the risk that his habeas petition would be erroneously dismissed on exhaustion grounds.

Allen contends the court should have required the government to respond to his petition, thus allowing it to choose whether to waive exhaustion or assert it as an affirmative defense.  He argues: "If the state had the opportunity to review this claim, it may have concluded that the wisest course was to seek a ruling on the merits rather than dismissal without prejudice . . . ."  (Appellant's Br. at 6.)  That is highly speculative.  In any event, regardless of what the State of Colorado might conceivably have done at an earlier stage in the proceedings, it does not now waive exhaustion; it requests we affirm the dismissal of Allen's petition.

We **GRANT** Allen's request to proceed *ifp*.  We **GRANT** a COA on the limited issue presented, and **AFFIRM** the dismissal of Allen's habeas petition.

---

[9] That the court may have researched Colorado law to arrive at its conclusion is of no import—what is prohibited is further inquiry into the facts, at least where the petitioner does not have access to or knowledge of those facts, not the law.

[10] This would be a different case if the district court had dismissed Allen's petition without providing him with notice and allowing him a chance to present his position.