FILED
United States Court of Appeals
Tenth Circuit

March 23, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD A. BOULDEN,

         Petitioner-Appellant,

v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

         Respondents - Appellees.

No. 10-2222
(D.C. No. 1:09-CV-00770-BB-KBM)
(D. New Mexico)

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

Before **BRISCOE,** Chief Judge, **TACHA** and **MURPHY**, Circuit Judges.

This matter is before the court on Donald A. Boulden's pro se request for a certificate of appealability ("COA"). Boulden seeks a COA so he can appeal the denial of his 28 U.S.C. § 2254 petition. 28 U.S.C. § 2253(c)(1)(A). Because Boulden has not "made a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies** his request for a COA and **dismisses** this appeal.

In 2006, Boulden pleaded no contest in New Mexico state court to one count of third-degree criminal sexual penetration, in violation of N.M. Stat. Ann. § 30-9-11(E), and one count of first-degree kidnapping, in violation of N.M. Stat.

Ann. § 30-4-1(A)(4). In exchange for Boulden's no-contest plea, New Mexico dismissed two charges of second-degree criminal sexual penetration, in violation of N.M. Stat. Ann. § 30-9-11(D), and one count of assault with intent to commit a violent felony, in violation of N.M. Stat. Ann. § 30-3-3. This had the effect of considerably reducing Boulden's potential sentence from something greater than three life sentences to nothing more than thirty-years' imprisonment. Because his plea agreement contained a waiver of appellate rights, Boulden did not file a direct appeal. He did, however, file a state petition for post-conviction relief. After holding an evidentiary hearing, the state court denied Boulden's request for post-conviction relief; the New Mexico Supreme Court denied Boulden's request for a writ of certiorari.

Boulden then filed the instant § 2254 petition for habeas corpus in the United States District Court for the District of New Mexico. The matter was referred to Magistrate Judge Karen Molzen for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge issued two separate Reports and Recommendations, which together fully resolved Boulden's petition. In the first Report and Recommendation, filed November 24, 2009, the magistrate judge concluded several of Boulden's claims were unexhausted. She further concluded, utilizing the analytical structure set out by this court in *Allen v. Zavaras*, 568 F.3d 1197, 1201 (10th Cir. 2009), that the appropriate course was to give Boulden the option of deleting his unexhausted claims and proceeding on the merits with the

remaining claims. Such a course was appropriate, according to the magistrate judge, because the equities did not favor the use of a "stay and abeyance," and because an outright dismissal of the petition would likely bring the limitations period set out in 28 U.S.C. § 2244(d) into play. *See Allen*, 568 F.3d at 1201. After the district court adopted the Report and Recommendation, Boulden dismissed the unexhausted claims and the magistrate judge proceeded to resolve the exhausted claims on the merits. In a second Report and Recommendation, this one filed on September 3, 2010, the magistrate judge analyzed each remaining ground for relief set out in Boulden's § 2254 habeas petition and recommended that the district court deny habeas relief. The district court adopted the Report and Recommendation and denied Boulden's petition.

The granting of a COA is a jurisdictional prerequisite to Boulden's appeal from the dismissal of his § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Boulden must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quotations omitted). In evaluating whether Boulden has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal]

framework" applicable to each of his claims. *Id.* at 338. Although Boulden need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Boulden's appellate filings, the district court's orders, the magistrate judge's exceedingly thorough and well-stated Reports and Recommendations, and the entire record before this court, we conclude Boulden is not entitled to a COA. In so concluding, this court has nothing to add to the comprehensive analysis set out by Magistrate Judge Molzen in her Reports and Recommendations. Accordingly, this court **DENIES** Boulden's request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT

Michael R. Murphy
Circuit Judge