**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STEVEN CRAIG VAN ROSS,

      Petitioner-Appellant,

v.

J.L. SHELTON, DEREK SCHMIDT,
Attorney General of the State of Kansas

      Respondents-Appellees.

No. 12-3336
(D.C. No. 5:12-CV-03143-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, **EBEL** and **TYMKOVICH**, Circuit Judges.

      Petitioner-Appellant Steven Craig Van Ross, a Kansas state prisoner proceeding

pro se, seeks a certificate of appealability ("COA"), see 28 U.S.C. § 2253(c), in order to

appeal the denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254.

However, having carefully reviewed the record and Van Ross's arguments, we conclude

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that Van Ross has failed to make a substantial showing of the denial of a constitutional right. We therefore DENY his request for a COA and DISMISS this appeal.

## DISCUSSION

Van Ross pled guilty in a Kansas state court to a charge of aggravated robbery, and he was sentenced to 185 months of imprisonment. After he was sentenced, Van Ross filed a state habeas petition in which he claimed that, inter alia, his conviction was void for lack of jurisdiction because the criminal information against him failed to allege an essential element of the crime with which he was charged. See Brief of Appellant, filed in Van Ross v. Kansas, 261 P.3d 569 (Kan. Ct. App. 2011) (No. 10-105031-A), found at 2010 WL 5562028 at *6-*7.[1] The Kansas Court of Appeals rejected Van Ross's argument, holding that "Van Ross ha[d] shown neither error nor harm." Van Ross, 261 P.3d at *2.

Van Ross then filed his federal habeas petition, in which he raised two claims: (1) the information failed to charge an offense; and (2) the district court lacked jurisdiction to accept a guilty plea from or sentence Van Ross. In a series of well-reasoned orders, the district court dismissed both claims, denied Van Ross's several motions to alter or amend

---

[1] Van Ross's brief before the Kansas Court of Appeals does not appear in the record before this Court, but we exercise our discretion to consider it. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir.2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

the judgment, and denied Van Ross's application for a COA. Ross seeks a COA from this Court to pursue the merits of his claims.

This Court lacks jurisdiction to consider the merits of a habeas appeal unless we grant the applicant a COA.  28 U.S.C. § 2253(c)(1)(A).  We issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  Id. § 2253(c)(2).  "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"  Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).

For substantially the reasons articulated by the district court, we find that Van Ross has not made a substantial showing that his constitutional rights were violated. Accordingly, we DENY his request for a COA and DISMISS this appeal.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

3