**UNITED STATES COURT OF APPEALS**

**May 22, 2014**

**TENTH CIRCUIT**

JESSIE D. HUGHES,

        Petitioner - Appellant,

v.

KANSAS ATTORNEY GENERAL,

        Respondent - Appellee.

No. 13-3032
(D.C. No. 5:11-CV-03140-SAC)
(D. Kan.)

**ORDER DENYING CERTIFICATE**
**OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.

Proceeding pro se,[1] Kansas prisoner Jessie Hughes seeks a certificate of

appealability ("COA") to challenge the district court's dismissal of his habeas

petition. We now **deny** Mr. Hughes's application for a COA and **dismiss** this

---

[*]         This order is not binding precedent except under the doctrines of law
of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]         Because Mr. Hughes is proceeding pro se, we construe his filings
liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v.
Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

matter.[2]

## I

In 2003, Mr. Hughes was convicted in Kansas state court of murder in the second degree and sentenced to a term of 272 months. Mr. Hughes's conviction and sentence were upheld on direct appeal, and in September 2007, Mr. Hughes filed a motion for post-conviction relief under Kan. Stat. Ann. § 60-1507 in the District Court of Shawnee County, Kansas. The district court denied Mr. Hughes's motion, and the Kansas Court of Appeals affirmed. The Kansas Supreme Court denied review. On July 21, 2011, Mr. Hughes filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Kansas. The district court denied this petition on the merits and declined to issue a COA.

## II

## A

Before a prisoner "who was denied habeas relief in the district court" may appeal, he "must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *see* 28 U.S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional

---

[2]     Mr. Hughes additionally asks us to appoint him counsel. Because of our ultimate disposition of his request for a COA (i.e., our denial of it), we **deny** his request for appointed counsel as moot.

right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard, an applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

**B**

In his habeas petition, Mr. Hughes made a single claim for relief alleging ineffective assistance of counsel.  Under the Supreme Court's two-part test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), an ineffective-assistance-of-counsel claim requires a showing (1) "that counsel's representation fell below an objective standard of reasonableness," *id.* at 688, and (2) "that the deficient performance prejudiced the defense," *id.* at 687.  In this case, because we conclude that Mr. Hughes failed to satisfy the heavy burden of showing deficient representation under *Strickland*'s first prong, we need not reach the question of prejudice under its second.

"[R]eview of counsel's performance" under *Strickland*'s first prong is "highly deferential."  *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)) (internal quotation marks omitted).  "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of

3

reasonable professional judgment." *Id.* (quoting *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994)) (internal quotation marks omitted). The burden on a petitioner alleging ineffective assistance of counsel is even higher when the alleged ineffective assistance resulted from an informed, strategic decision: counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690.

A party who, like Mr. Hughes, asserts an ineffective-assistance-of-counsel claim in a § 2254 case faces a still more difficult task, because the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") constrains a habeas court's review of claims adjudicated on the merits in state court proceedings and "demands that [such] state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). That is to say, habeas review of ineffective-assistance claims adjudicated on their merits by a state court is "doubly deferential," *Byrd*, 645 F.3d at 1168 (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)) (internal quotation marks omitted), because "[w]e defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client," *id.* (alteration in original) (quoting *Crawley v. Dinwiddie*, 584 F.3d 916, 922 (10th Cir. 2009)) (internal quotation marks omitted). The question regarding deficiency thus "is not whether counsel's actions were reasonable. The question

4

is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Hooks v. Workman*, 689 F.3d 1148, 1187 (10th Cir. 2012) (quoting *Harrington v. Richter*, --- U.S. ----, 131 S. Ct. 770, 788 (2011)) (internal quotation marks omitted).

## C

Mr. Hughes stated in his habeas petition that his "sole claim" was that:

> trial counsel was ineffective . . . for failing to hire and utilize a ballistics expert to counter the State's expert witnesses and to explain that the forensic ballistic evidence was not only inconsistent with the State's theory of the case and the purported eye-witnesses offered by the State, but that the ballistics evidence at the crime scene rendered the State's theory completely impossible.

R., Vol. 1, at 14 (Pet. for Writ of Habeas Corpus, filed July 21, 2011). The federal district court denied Mr. Hughes's petition, finding from its review of the record that "[i]t was at least arguable that a reasonable attorney could decide to forgo inquiry into additional forensics evidence under the circumstances here," *id.* at 112 (Mem. & Order, filed Jan. 8, 2013), and accordingly that the Kansas Court of Appeals's "conclusion that trial counsel's strategy was not deficient under *Strickland* was 'well within the bounds of a reasonable judicial determination,'" *id.* at 110 (quoting *Richter*, 131 S. Ct. at 789). We agree and find that reasonable jurists could not debate the correctness of the district court's holding.

In reaching this conclusion, we note, as the Kansas Court of Appeals did, that Mr. Hughes's trial counsel has offered a convincing explanation of his

5

strategic choice not to call a ballistics expert for the defense. *See Hughes v. Kansas*, 246 P.3d 413, 2011 WL 420712, at \*2–3 (Kan. Ct. App. 2011) (unpublished table decision). At an evidentiary hearing held in connection with Mr. Hughes's state proceedings for post-conviction relief, his trial counsel testified that he did not feel it was necessary to call his own expert to rebut the State's ballistics evidence because he believed he had established through his examination of the deputy county coroner that the shots fired "could not have been made in the . . . manner that the coroner said they were made because of the . . . locations of the spent projectiles and the casings that were discovered." *Id.* at \*2 (internal quotation marks omitted). Mr. Hughes's trial counsel further testified that he did not feel it was necessary to call an expert because he felt that the coroner's testimony for the State, in particular, "was so outside the bounds that . . . I didn't feel that an expert was necessary . . . . Sometimes you can take [the prosecution's] expert and make them our witnesses." *Id.* (alteration in original).

This court has independently reviewed the trial record, and we find no reason to doubt the reasonableness of trial counsel's strategic choices, let alone the Kansas Court of Appeals's assessment of the same, to which we owe considerable deference. That being the case, it is plain that reasonable jurists could not debate the correctness of the district court's ruling, and accordingly, we are obliged to deny Mr. Hughes's request for a COA.

6

## III

For the forgoing reasons, we **deny** Mr. Hughes's request for a COA and **dismiss** this matter.

Entered for the Court


JEROME A. HOLMES
Circuit Judge