FILED
United States Court of Appeals
Tenth Circuit

June 10, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JERRY D. HODGES,

      Petitioner - Appellant,

v.

JANET DOWLING, Warden,

      Respondent - Appellee.

No. 14-7019
(D.C. No. 6:10-CV-00365-RAW-KEW)
(E. D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE,** Chief Judge, **ANDERSON** and **BRORBY**, Senior Judges.

Petitioner and appellant, Jerry D. Hodges, an Oklahoma state prisoner

proceeding *pro se*, seeks a Certificate of Appealability (COA) in order to appeal

the district court's dismissal of his petition under 28 U.S.C. § 2254. Because

Hodges has failed to satisfy the standards for the issuance of a COA, we deny a

COA and dismiss this matter.

**I**

Hodges was tried in the District Court of Pittsburg County for trafficking in

methamphetamine (count 1), unlawful possession of marijuana with intent to

_____

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

distribute (count 2), unlawful use of a police radio (count 3), possession of a firearm while committing a felony (count 4), and unlawful use of video surveillance equipment in the commission of a felony (count 5). During trial, the court admitted evidence that Hodges faced pending drug charges in the District Court of Haskell County. The Pittsburg County jury convicted Hodges on all five counts. In addition to fines, the court sentenced Hodges to twenty-five years' imprisonment on count 1, two years' imprisonment on count 2, six months' imprisonment on count 3, two years' imprisonment on count 4, and six months' imprisonment on count 5. The court ordered the sentences on counts 1, 2, and 4 to run consecutively, and the sentences on counts 3 and 5 to run concurrently to counts 2 and 4. About a year after Hodges was convicted in Pittsburg County, he pleaded guilty to the charges against him in Haskell County.

On direct appeal of the Pittsburg County case to the Oklahoma Court of Criminal Appeals (OCCA), Hodges asserted nine propositions: (1) the evidence was insufficient to support count 4; (2) he received ineffective assistance of counsel; (3) the admission of other crimes evidence deprived him of a fair trial; (4) the trial judge erred by allowing the claim of privilege to be asserted in front of the jury; (5) the conviction for two separate "selling" charges constituted double jeopardy; (6) the evidence was insufficient to support count 5; (7) prosecutorial misconduct deprived him of a fair trial; (8) the sentences imposed were excessive; and (9) cumulative error deprived him of a fair trial. The OCCA

2

affirmed Hodges' convictions and sentences in every respect.

Some months after the OCCA's decision on direct appeal, Hodges' conviction and sentence in the Haskell County case were vacated with prejudice, due to procedural irregularities in the entry of his guilty plea.

Next, Hodges sought post-conviction relief in the District Court of Pittsburg County. He asserted seven propositions: (1) he "was subjected to conflict of interest of defense counsel that denied him state and constitutional rights to due process and fair trial," District Ct. Docket No. 8-4 at 6; (2) his "conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure in violation of right to due process and fair trial," id. at 9; (3) his "conviction was obtained by use of evidence obtained [pursuant] to an unlawful arrest where probable cause was not first established, and is now removed, and was not proven by the state beyond a reasonable doubt," id. at 13; (4) he "was subjected to double jeopardy and double punishment for the offenses of unlawful use of video surveillance equipment; unlawful use of a police radio; and for possession of a firearm while committing a felony that did in turn prejudice the jury against him and cause an unfair trial," id. at 20; (5) he "presents newly discovered evidence of Haskell County Case No. CF-2004-92 has been dismissed that was used against him at jury trial that raised prejudice causing a denial of a fair trial, and all charges requires dismissal," District Ct. Docket No. 8-4 at 27; (6) he "was denied his right to an impartial jury that

3

deprived him of his constitutional right to due process and fair trial," id. at 31; and (7) he "was denied the right to present his witnesses for defense, and denied right to cross examine witness against him that deprived him of his constitutional right to due process and fair trial," id. at 34. The court rejected each proposition.

Then Hodges sought post-conviction relief in the OCCA. The OCCA also rejected each claimed error. Id. No. 8-6 at 2 ("Petitioner has failed to establish entitlement to any relief in this post-conviction proceeding. With the exception of a claim that he has presented newly discovered evidence [concerning his Haskell County case], Petitioner has not raised any issue that either was not or could not have been asserted during his trial or in his direct appeal. All issues which were raised and decided on direct appeal are barred from further consideration by *res judicata*, and all issues which could have been previously raised but were not are waived."). The OCCA viewed Hodges' fifth proposition as essentially contending that "without the Haskell County judgment and sentence, the results of his trial in [Pittsburg County] would have been different," because "the facts of the Haskell County case were central to the chain of events leading to the discovery and prosecution of [his] crimes in [the Pittsburg County case]." Id. Unpersuaded, the OCCA explained that although Hodges' judgment and sentence in his Haskell County case were "vacated based upon procedural problems relating to the entry and documentation of his guilty plea," "[t]he facts of the Haskell County case have not been dispelled, or even disputed." Id. As a

4

result, "[t]hose facts were and still are sufficient to support the chain of events in this case, and the results of [his] trial [in the District Court of Pittsburg County] would not have been different." Id.

Hodges filed his § 2254 petition in the Eastern District of Oklahoma on October 4, 2010. In it, he asserted the same seven propositions he asserted in his petitions for post-conviction relief in the Oklahoma state courts, as well as an eighth proposition stating that he suffered "bias by the trial judge and p[e]rjured testimony knowingly used by prosecution to obtain a conviction [that] denied [him] the right to a fair trial." District Ct. Docket No. 1 at 13.

The district court concluded that most of Hodges' claims were procedurally barred. See Coleman v. Thompson, 501 U.S. 722, 750 (1991) ("In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."). Hodges asserted that he defaulted in state court only because the vacation of his Haskell County judgment and sentence did not occur until after his direct appeal of the Pittsburg County case. But the district court rejected the argument on the ground that none of the facts in the Haskell County case were ever disputed, and therefore the "vacation of the judgment and sentence in the

5

Haskell County case would not have affected the result in the Pittsburg County case." District Ct. Docket No. 11 at 6. Moreover, the district court found that Hodges failed to "supplement[] his constitutional claim with a colorable showing of factual innocence," thereby disentitling him to the "fundamental miscarriage of justice exception." See Herrera v. Collins, 506 U.S. 390, 404 (1993).

The only claim not procedurally barred, according to the district court, was Hodges' ineffective-assistance-of-counsel claim, in proposition 7, "based on the denial of defense counsel's motion for continuance on the day of trial, and counsel's failure to bond petitioner from jail to assist in locating witnesses." District Ct. Docket No. 11 at 7. Still, the district court rejected the claim, holding that Hodges failed to show ineffectiveness under the standards set forth in Strickland v. Washington, 466 U.S. 668 (1984).

Finding that Hodges "failed to make 'a substantial showing of the denial of a constitutional right,'" District Ct. Docket No. 24 (quoting 28 U.S.C. § 2253(c)(2)), and that Hodges "has not 'demonstrate[d] that reasonable jurists would find [this] court's assessment of the constitutional claims debatable or wrong,'" id. (alterations in original) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), the district court denied Hodges' request for a COA.

## II

Hodges seeks a COA on two issues. First, he argues that the dismissal of the Haskell County case invalidates his convictions in Pittsburg County. Second,

he claims that his attorney on direct appeal to the OCCA rendered ineffective assistance of counsel.

Before a prisoner "who was denied habeas relief in the district court" may appeal, he "must first seek and obtain a COA." Miller–El v. Cockrell, 537 U.S. 322, 335-36 (2003); see 28 U .S.C. § 2253(c)(1)(A). We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, an applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Allen v. Zavaras, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting Slack, 529 U.S. at 484) (internal quotation marks omitted).

## A

Hodges argues that the dismissal of the Haskell County case invalidates his convictions in Pittsburg County. We disagree. The district court, like the OCCA before it, reasonably concluded that the vacation of the judgment and sentence in Haskell County did not reveal any prejudice in the Pittsburg County proceedings. Hodges did not dispute the facts underlying the Haskell County case—in fact, he pleaded guilty to them (albeit in a fashion improper enough to warrant vacation of the plea). As a result, the facts underlying the Haskell County case still qualified as proper evidence of "other crimes, wrongs, or acts," R. Vol. 2 at 73, and the

7

outcome of the Pittsburg County proceedings remains fully supported.

Therefore, Hodges has failed to show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner." Slack, 529 U.S. at 484.

**B**

Hodges also argues that his attorney on direct appeal rendered ineffective assistance of counsel. His claim is based on appellate counsel's failure to convince the OCCA that *trial* counsel provided ineffective assistance. Under the Supreme Court's two-part test set forth in Strickland v. Washington, an ineffective-assistance-of-counsel claim requires a showing (1) "that counsel's representation fell below an objective standard of reasonableness," 466 U.S. at 688, and (2) "that the deficient performance prejudiced the defense," id. at 687.

Like each court to review this question before us, we discern no ineffective assistance by Hodges' appellate counsel on direct appeal. Hodges cannot point to any objectively unreasonable mistake by appellate counsel, much less one that resulted in prejudice.

After a thorough review of the record, we conclude that Hodges has not made a showing that would merit our issuance of a COA on this ineffective-assistance-of-counsel claim. Reasonable jurists would not resolve this issue in a different manner.

**III**

We DENY Hodges' application for a COA and DISMISS the matter.

Entered for the Court


Mary Beck Briscoe
Chief Judge