**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ROBERT SERRANO,

    Defendant - Appellant.

No. 17-2068
(Nos. 2:16-CV-00670-RB-WPL and
5:11-CR-02230-RB-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Robert Serrano, a federal prisoner, seeks a certificate of appealability (COA)

under 28 U.S.C. § 2253(c)(1) to challenge the denial of his 28 U.S.C. § 2255 habeas

motion to vacate, set aside, or correct his sentence.[1] We deny the COA.

**BACKGROUND**

On December 7, 2011, Serrano pleaded guilty to one count of possessing a

firearm in violation of 26 U.S.C. §§ 5845(a)(2), 5861(d), and 5871 (a sawed-off

shotgun), and one count of being a felon in possession of a firearm, in violation of 18

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Serrano has already been granted *in forma pauperis* status for this proceeding.

1

U.S.C. § 922(g)(1). The Presentence Report (PSR) classified Serrano as an armed career criminal because he was at least 18 years old when he committed the instant offenses, he was a felon in possession of a firearm, and he had a combination of three earlier convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Serrano's criminal history included (1) a 1985 Texas unlawful-delivery-of-marijuana conviction, (2) a 1993 New Mexico third-degree armed-robbery conviction, (3) a 2000 New Mexico drug-trafficking and drug-conspiracy conviction, and (4) a 2005 New Mexico aggravated-battery-against-a-household-member conviction.

Under U.S.S.G. § 4B1.4(b)(3)(A), and after a reduction for acceptance of responsibility, the PSR recommended a total offense level of 31 and a criminal-history category of IV. That placed Serrano's advisory guideline range at 188 to 235 months. By statute, his minimum sentence was 180 months. 18 U.S.C. § 924(e)(1). Absent his status as an armed career criminal, the maximum sentence would have been 10 years. *See* 18 U.S.C. §§ 922(g), 924(a)(2).

Under Serrano's plea agreement, presented to the district court under Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed to an imprisonment term of 180 months. And on August 6, 2012, the district court sentenced Serrano in accordance with the plea agreement.

Almost four years later, Serrano filed a Motion to Vacate and Correct Sentence under 28 U.S.C. § 2255. Relying on *Johnson v. United States*, 135 S. Ct. 2551, 2556–57 (2015), he argued that he was entitled to resentencing without the armed-career-

criminal enhancement. He implicitly argued that the district court had counted his New Mexico non-drug convictions under the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). He further argued that neither of those New Mexico convictions counted as violent felonies under the enumerated-offenses clause at § 924(e)(2)(B)(ii) or the elements clause at § 924(e)(2)(B)(i).[2] After full briefing, the magistrate judge recommended that the district court deny Serrano's motion and certificate of appealability—because New Mexico armed robbery has as an element the use of physical force against the person of another.[3] Because this—together with the undisputed serious drug offenses—made Serrano an armed career criminal, the magistrate judge did not determine whether aggravated battery against a household member also qualified as a violent felony under the elements clause.

Serrano objected to the magistrate judge's Proposed Findings and Disposition. But the district court adopted the magistrate judge's recommended disposition and denied Serrano's motion and denied a certificate of appealability. Serrano now appeals.

---

[2] From the materials provided to us on appeal, we cannot tell under which of § 924(e)'s clauses the district court made its violent-felony determinations. Even assuming the district court relied on the now-stricken residual clause, as stated in this order, we still would deny Serrano relief—his New Mexico conviction for armed robbery satisfied the elements clause of § 924(e)(2)(B)(i).

[3] The magistrate judge's recommendation states that Serrano's motion was filed after he received leave to do so from this court. This appears to be an error because the motion before the district court was not a successive motion, meaning Serrano did not need this court's leave to file.

3

## DISCUSSION

To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, the question is whether either of Serrano's New Mexico felony convictions qualify as "violent felonies" under the ACCA. *See* 18 U.S.C. § 924(e)(2)(B).

In a recently published opinion from this court, *United States v. Garcia*, 877 F.3d 944, 956 (10th Cir. 2017), we held that a New Mexico third-degree § 30-16-2 conviction "has as an element the use or threatened use of physical force against another person." Thus, § 30-16-2 qualifies as a "violent felony under the ACCA's Elements Clause in § 924(e)(2)(B)(i)." *Garcia*, 877 F.3d at 956. Because *Garcia* is dispositive,[4] Serrano has not made the required substantial showing for this court to grant his COA.

## CONCLUSION

---

[4] Even if we were to find that New Mexico aggravated battery is not a violent felony, Serrano's New Mexico armed robbery conviction is a qualifying third conviction that makes him classifiable as an armed career criminal for sentencing purposes because he has two other qualifying offenses: his 1985 Texas unlawful marijuana delivery conviction, and his 2000 New Mexico drug-trafficking and drug-conspiracy conviction.

4

We deny Serrano a COA and dismiss this appeal.

Entered for the Court


Gregory A. Phillips
Circuit Judge