FILED
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DYMOND CHARLES BROWN,

    Defendant - Appellant.

No. 17-7029
(D.C. Nos. 6:16-CV-00251-RAW &
6:06-CR-00069-RAW-1)
(E.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Dymond Charles Brown, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1) to challenge the district court's dismissal of his second or successive 28 U.S.C. § 2255 petition.[1] We decline to issue him a COA and accordingly now dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe pro se litigants' pleadings, holding them to "a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). Though we can't "assume the role of advocate," we'll excuse citation gaps, untangle confused legal theories, and overlook poor syntax. *Id.*

## BACKGROUND

On February 12, 2007, a jury convicted Brown of one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).[2] Later that year, a judge sentenced him to 262 months imprisonment after imposing a career-offender enhancement under § 4B1.1 of the United States Sentencing Guidelines (U.S.S.G.). U.S. Sentencing Guidelines Manual § 4B1.1 (U.S. Sentencing Comm'n 2007). The court enhanced his sentence under U.S.S.G. § 4B1.1 because he had two prior convictions for crimes of violence: (1) feloniously pointing a firearm in violation of Okla. Stat. tit. 21, § 1289-16; and (2) shooting with intent to kill.[3]

On June 10, 2016, Brown timely moved to file a second or successive 28 U.S.C. § 2255 motion based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). In that motion, Brown moved to vacate his sentence because he was sentenced under U.S.S.G. § 4B1.1, which relies on U.S.S.G. § 4B1.2's crime of violence definition. And U.S.S.G. § 4B1.2's crime of violence definition, he contended, is unconstitutionally vague under *Johnson*. This court granted leave for him to file his second or successive § 2255 motion. The government then filed a motion to stay the proceedings pending resolution of *Beckles v. United States*, 137 S. Ct. 886, 895, 897

---

[2] The court sentenced Brown two years after the Supreme Court ruled that the sentencing guidelines are advisory in *United States v. Booker*, 543 U.S. 220, 245–46 (2005).

[3] It is unclear from the record what statute Brown was convicted under for this offense. Because Brown doesn't contend that his conviction for shooting with intent to kill isn't a crime of violence, this gap in the record is immaterial.

(2017). Brown objected to this motion and requested bail. But the district court granted the motion to stay and denied Brown bail.

Then, on March 6, 2017, the Supreme Court issued its opinion in *Beckles*, concluding that *Johnson*'s holding doesn't apply to the career-offender provisions of the advisory sentencing guidelines. *Beckles*, 137 S. Ct. at 895, 897. Brown moved to supplement his § 2255 petition in light of *Beckles*, now urging a due-process vagueness challenge based on the sentencing court's somehow having improperly enhanced his sentence by using the statutory range contained in 21 U.S.C. § 841(b)(1)(B)(iii) and not U.S.S.G. § 4B1.1. The district court denied Brown's second or successive § 2255 petition as a thinly-veiled attempt to circumvent *Beckles*. The court also denied him a COA. Brown now appeals.

## DISCUSSION

Before he may appeal, Brown must obtain a COA. 28 U.S.C. § 2253(c)(1). To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "To make such a showing, an applicant must demonstrate 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, the relevant legal question is whether Brown can mount a due-process vagueness challenge to his U.S.S.G. § 4B1.1 sentence enhancement. On appeal, Brown again refashions his argument. He argues that U.S.S.G. § 4B1.1's use of the

3

Armed Career Criminal Act's definition of crime of violence, *see* 18 U.S.C.

§ 924(e)(2)(B), is unlawful under *Johnson*. Despite Brown's efforts to frame his

argument to avoid *Beckles*, that precedent precludes his challenge. *Beckles*, 137 S.

Ct. at 892 ("[T]he Guidelines are not subject to a vagueness challenge under the Due

Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for

vagueness."). So he hasn't shown that reasonable jurists could debate the district

court's dismissal of his petition.

## CONCLUSION

For these reasons, we decline to issue a certificate of appealability. Appellant's

"Motion to Clarify the Previously filed Certificate of Appealability Request and

Combined Opening Brief," and the "Motion to Supplement the Previously filed

Request for COA and Combined Opening Brief Based on Intervening Change in Law

Namely Sessions v. Dimaya," are denied.

Entered for the Court

Gregory A. Phillips
Circuit Judge

4