**FILED**
**United States Court of Appeals**
**Tenth Circuit**

### UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**October 25, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

REGINALD D. WILSON,

    Petitioner - Appellant,

v.

DAVID BUSS, Warden,

    Respondent - Appellee.

No. 24-6044
(D.C. No. 5:23-CV-00961-JD)
(W.D. Okla.)

_____

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.

_____

Reginald D. Wilson, proceeding pro se,[1] seeks a certificate of appealability (COA) to challenge the dismissal of his application for relief under 28 U.S.C. § 2254 for failure to exhaust state remedies. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We deny a COA, dismiss this matter, and grant Mr. Wilson's motion to proceed without prepayment of costs and fees.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Wilson's pro se materials but do not act as his advocate. *See Garrett v. Selby Connor Maddox & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

I

An Oklahoma jury convicted Mr. Wilson on two counts of robbery with a firearm, one count of conspiracy to commit a felony, and one count of unlawful possession of a firearm. The trial court sentenced him to 34 years in prison, and the Oklahoma Court of Criminal Appeals affirmed his convictions and sentence.

In his § 2254 application Mr. Wilson claimed the state courts lacked jurisdiction to prosecute him for crimes committed on tribal lands. A magistrate judge reviewed the application and recommended that it be dismissed for failure to exhaust available state-court remedies. Mr. Wilson objected, but he did not specifically challenge any aspect of the magistrate judge's report and recommendation. Instead, he discussed in general terms the authority of federal courts to adjudicate cases. Accordingly, over Mr. Wilson's objection, the district court adopted the report and recommendation, dismissed the application for failure to exhaust, and denied a COA. Mr. Wilson now seeks a COA to challenge the district court's dismissal.

II

To obtain a COA, Mr. Wilson "must make a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since his application was denied on a procedural ground, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

2

No reasonable jurist could debate the propriety of the district court's dismissal. A state prisoner generally may not seek relief on a federal habeas claim before exhausting his available state-court remedies. *See* 28 U.S.C. § 2254(b)(1)(A). "To exhaust state remedies, a petitioner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *Pavatt v. Carpenter*, 928 F.3d 906, 923 (10th Cir. 2019) (brackets and internal quotation marks omitted). The petitioner must "provid[e] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* (internal quotation marks omitted). "A claim is exhausted only [if] . . . the substance of the federal claim was raised in state court." *Id.* (internal quotation marks omitted). Dismissal is proper if it is "clear from the face of [the application]" that the claim was not exhausted in state court. *Allen v. Zavaras*, 568 F.3d 1197, 1202 (10th Cir. 2009).

Mr. Wilson expressly wrote in his § 2254 application that he had not raised his federal jurisdictional claim on direct appeal. According to the application, he argued on direct appeal only (1) that no rational jury could have convicted him of robbery, (2) that he was punished twice for his "dual convictions for conspiracy and robbery with firearm," and (3) that there was insufficient evidence to support his conspiracy conviction. R. at 5 (capitalization omitted). He also expressly wrote that he had not raised his federal jurisdictional claim on collateral review. Although he suggested it was unnecessary to exhaust his claim because it raises "[a] federal jurisdictional issue," R. at 9, the district court noted there is no jurisdictional exception to the exhaustion

3

requirement, *see* § 2254(b)(1)(A).  Mr. Wilson does not address this or any other aspect of the district court's decision.  *See Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) ("The first task of an appellant is to explain to us why the district court's decision was wrong.").  Instead, he briefly recites the procedural events in the district court and restates his jurisdictional claim.[2]  Under these circumstances no reasonable jurist could debate the district court's dismissal.

III

We deny a COA and dismiss this matter.  Mr. Wilson's motion to proceed on appeal without prepayment of costs and fees is granted.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[2] The balance of Mr. Wilson's COA application consists of near verbatim copies of a memo he filed in support of his § 2254 application and his objections to the magistrate judge's report and recommendation.  *Compare* COA Appl., attach. 1 at 1-3 (entitled, "Memorandum Addressing the Courts['] Subject Matter Jurisdiction to Adjudicate this Petition in the Proper Court by Rule and Federal Laws" (capitalization modified)), *and id.*, attach. 2 at 1-17 (entitled, "Newly Discovered Evidence State Courts Lack[] the Jurisdiction to Prosecute on Tribal Lands is a Denial of Due Process of Federal Laws" (capitalization modified)), *with* R. at 51-53 (memo in support of § 2254 application), *and id.* at 15-31 (objections to magistrate judge's report and recommendation).