UNITED STATES COURT OF APPEALS

**April 29, 2016**

TENTH CIRCUIT

**Elisabeth A. Shumaker**
**Clerk of Court**

GRANT HENRY STEWART,

Petitioner - Appellant,

v.

THE PEOPLE OF THE STATE OF
COLORADO; and THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

Respondents - Appellees.

No. 15-1463
(D.C. No. 1:15-CV-01885-LTB)
(D. Colo.)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Grant Henry Stewart, a state prisoner proceeding pro se,[1] seeks a certificate

of appealability ("COA") to challenge the district court's denial of his petition for

a writ of habeas corpus under 28 U.S.C. § 2254. Exercising jurisdiction pursuant

to 28 U.S.C. § 1291, we conclude that Mr. Stewart has not made the required

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Mr. Stewart appears pro se, we construe his filings liberally, *see, e.g.*, *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010), but we do not craft arguments or otherwise advocate for him, *see Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

showing for a COA, and we accordingly **deny** his COA application and **dismiss** this matter.

## I

In October 2006, Mr. Stewart agreed to plead guilty to one count of "sex assault—victim under fifteen" in Colorado state court. He received a deferred judgment and sentence for a period of four years. However, in April 2008, he was found to have violated the conditions of his supervised release, and the court sentenced him to an indeterminate term of two years to life in prison. Mr. Stewart did not file a direct appeal, but he did file a number of motions for postconviction relief, as the district court recounted in detail:

> On May 6, 2008, Mr. Stewart filed in the trial court a postconviction motion . . . . However, he subsequently withdrew the motion on June 19, 2008. On June 23, 2009, Mr. Stewart filed in the trial court a postconviction motion pursuant to Rule 35(a) of the Colorado Rules of Criminal Procedure. On August 3, 2009, in response to the trial court's order to clarify the relief he was seeking, Mr. Stewart filed another Rule 35(a) motion. On September 4, 2009, the trial court denied the Rule 35(a) motion. On October 15, 2009, Mr. Stewart filed in the trial court a second postconviction Rule 35(c) motion. On December 15, 2009, the trial court denied the second Rule 35(c) motion. The state court docketing records indicate no further activity in Mr. Stewart's case for nearly three years until September 20, 2012, when he filed a motion to waive probation supervision fees. Mr. Stewart did not file another postconviction motion in the trial court until June 30, 2014, when he filed a third postconviction Rule 35(c) motion. On September 23, 2014, the trial court denied the third Rule 35(c) motion. Mr. Stewart did not appeal from the denial of any of these postconviction motions.

The trial court's docketing records indicate that Mr. Stewart filed a letter on January 14, 2015, that was denied on January 20, 2015. In response to the trial court's denial of that letter, Mr. Stewart submitted to the state appellate courts a demand for habeas corpus relief that was docketed in the Colorado Supreme Court on January 30, 2015, as an original petition for writ of habeas corpus. On May 14, 2015, the Colorado Supreme Court denied the original petition for writ of habeas corpus without addressing the merits of the claims asserted.

R. at 116–17 (citations omitted).

Following these state court proceedings, Mr. Stewart filed a 28 U.S.C. § 2254 application in federal district court on August 28, 2015, and later filed an amended application (the one presently before us) on September 21, 2015, claiming that "the trial Court did not have jurisdiction to proceed against [him]," R. at 14. The district court declined to grant relief and dismissed the action, finding in a thorough order that the action was barred by the one-year statute of limitations period in 28 U.S.C. § 2244(d).

In reaching this conclusion, the court found that Mr. Stewart's conviction had become final—at the latest—on May 29, 2008 (the expiration of the time for seeking direct review), well over a year before he filed his § 2254 application. Furthermore, although the court found that the one-year limitations period was tolled in accordance with 28 U.S.C. § 2244(d)(2) for at least some period of time in 2008 and 2009 while Mr. Stewart's postconviction motions were pending in state court, there was a gap of more than four years (from January 2010 to June

3

2014) when Mr. Stewart did not have any postconviction motion pending. Thus, the court concluded, this untolled gap of time rendered the action untimely. Lastly, the district court denied a COA, finding that Mr. Stewart had not made a substantial showing of the denial of a constitutional right.

On appeal, Mr. Stewart has filed a combined opening brief and application for a COA, seeking to challenge the denial of his habeas petition.

**II**

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, the applicant must show "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where the district court denies an application on a procedural ground, the applicant must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Harris v. Dinwiddie*, 642 F.3d 902, 906 (10th Cir. 2011) (emphasis added) (quoting *Slack*, 529 U.S. at 484); *see Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the [habeas] application was denied on procedural grounds, the applicant

4

faces a double hurdle."). Here, we conclude that the correctness of the district court's procedural ruling is not debatable by reasonable jurists. Accordingly, we deny Mr. Stewart a COA.

The district court was correct in concluding that Mr. Stewart failed to file his petition within the one-year limitations period prescribed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). As relevant here, the statute directs that "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The district court found that Mr. Stewart's conviction became final—at the latest—on May 29, 2008.

Mr. Stewart's brief does not challenge this finality finding directly; he instead appears to argue that the limitations period was tolled until May 14, 2015, when the Colorado Supreme Court denied his original petition for a writ of habeas corpus. Although a state court postconviction motion does toll the limitations period, *see* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."), we have explained that "[o]nly state petitions

5

for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations," *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Here, even assuming, as the district court did, that the limitations period was tolled for much of the remainder of 2008, and 2009, while Mr. Stewart pursued his postconviction claims, there was a gap of at least four years between 2010 and 2014 during which he had no postconviction motion pending. Thus, the limitations period certainly expired during that time period, and his later 2015 letter and application for habeas relief did not extend the tolling period. In sum, we conclude that reasonable jurists would not find it debatable that Mr. Stewart's petition is barred by the one-year statute of limitations in 28 U.S.C. § 2244(d)(1), and we deny Mr. Stewart's request for a COA on that basis.

Additionally, we find that Mr. Stewart has not presented a nonfrivolous argument for why the district court was incorrect in deeming his petition time-barred under § 2244(d)(1), and we accordingly deny his motion to proceed *in forma pauperis* ("IFP"). *See Clark*, 468 F.3d at 713 (denying IFP status where "the appeal was not taken in good faith . . . because [the petitioner's] application to appeal failed to give a reasoned nonfrivolous argument on the law and supporting facts as to why the dismissal of his habeas petition was incorrect").

### III

Based on the foregoing, we **DENY** Mr. Stewart's request for a COA and

6

**DENY** his motion to proceed IFP.  This matter is hereby **DISMISSED**.

ENTERED FOR THE COURT


Jerome A. Holmes
Circuit Judge